UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL GOMEZ, | ) | NO. EDCV 15-1519-FMO (KLS) |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| C. TAMPKINS, Warden, | ) ) ) | |
| Respondent. | ) ) | |

On July 28, 2015, Michael Gomez ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2254. (ECF Docket No. 1.)

The Petition purports to raise two claims seeking to compel prison officials to return three items of Petitioner's personal property, specifically, a watch, an earbud, and a pair of sunglasses. (Pet. at 5; attached exhibits.) Although Petitioner has checked the box on his Petition reflecting that this action concerns a prison disciplinary proceeding (Pet. at 2), he makes no allegation challenging the loss of sentence credits as the result of a disciplinary action by prison officials, and attaches no evidence of any such proceeding to his Petition.

1

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4.

A habeas corpus action is the proper mechanism for a prisoner to challenge the *fact or duration* of his confinement, but a civil rights action is the proper mechanism for challenging the *conditions* of his confinement. *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1990).

Here, the Court's review reveals that neither of Petitioner's claims seeking the return of his personal property attacks the legality or duration of Petitioner's confinement, but rather the conditions of his confinement, so a habeas petition is not the proper mechanism for bringing these claims. *Crawford*, 599 F.2d at 891-92; *Tucker*, 925 F.2d at 332; *see also Beaver v. McGrew*, No. CV 13-609 CJC (AJW), 2014 WL 3845078, at *5 (C.D. Cal. Aug. 5, 2014) (the return or replacement of a prisoner's property "is not available in a habeas proceeding."); *Gavin v. Lappin*, No. CV 11-95 AHM (RZ), 2011 WL 166288, at *1-2 (C.D. Cal. Jan. 12, 2011) (summarily dismissing a habeas petition so that the inmate could bring his claim seeking the return of property in a civil rights action); *Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court lies to enforce the right of personal liberty . . . [and as] such, a habeas court has the power to release a prisoner, but has no other power.") (citations and internal quotation marks omitted).

While this Court has limited discretion to convert a flawed habeas petition to a civil rights action, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006); *see also Hansen v. May,* 502 F.2d 728, 729-30 (9th Cir. 1974) (where habeas petition only sought return of property, court could interpret petition as civil rights complaint), in this instance converting the Petition to a 42

U.S.C. § 1983 complaint would be improper in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters.  For example, prisoner civil rights actions are subject to a $350 filing fee, as compared to the substantially lower $5 filing fee for habeas petitions.  28 U.S.C. § 1914(a).  Additionally, unlike habeas actions, prisoners seeking to bring civil rights complaints are required to pay the full filing fee even if they qualify for *in forma pauperis* status.  28 U.S.C. §1915(b)(1); *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997).  Moreover, in light of the specific, mandatory exhaustion requirements in prisoner civil rights actions, *see* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Ngo*, 548 U.S. at 85, the Court-approved civil rights complaint form, which requires the inmate to "attach copies of papers related to the grievance procedure," is essential to ensure that a prisoner has complied with those requirements.  *See* Civil Rights Complaint Form CV-66, page 3.  Consequently, the Court believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise his present claims through a properly-submitted civil rights complaint.

Accordingly, based upon the foregoing, IT IS ORDERED that Judgment shall be entered dismissing the Petition without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253 (c) (2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

\\
\\
\\
\\
\\

LET JUDGMENT BE ENTERED ACCORDINGLY.

As required by Fed. R. Civ. P. 58 (a) (1), final judgment will be issued separately.

DATED: August 27, 2015

_____/s/_____
Fernando M. Olguin
United States District Judge

Presented by:

*Karen L. Stevenson*
Karen L. Stevenson
United States Magistrate Judge

4